# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GOMEZ-CORONADO,<br><br>         Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>         Respondent. | CASE NO. 08CR 3626-LAB / 10-CV-2208-LAB<br><br>**ORDER DENYING 28 U.S.C.**<br>**§ 2255 HABEAS MOTION** |

  Gomez-Coronado is currently serving a 36-month sentence for possessing heroin with the intent to distribute. Now before the Court is his habeas petition brought pursuant to 28 U.S.C. § 2255, through which he seeks a sentence reduction. He seeks the reduction on the ground that, due to his alien status, he is ineligible for a one-year sentence reduction through a drug program, or early release into a halfway house. He argues that deprivation of these benefits or privileges due to his alien status violates his Fifth and Fourteenth Amendment rights to due process and equal protection. This is a familiar claim that aliens make in federal habeas petitions, using what appears to be a form pleading, and the Court has consistently rejected it.

  The petition is untimely. Gomez-Coronado was sentenced on March 30, 2009, judgment was entered on April 3, 2009, and the present habeas motion was filed over one year later, on October 21, 2010. It is **DENIED** on this basis.

//

Even assuming Gomez-Coronado's petition was filed on time, it would fail on the merits. No due process or equal protection issue arises merely because a defendant's alien status excludes him from certain programs available to citizens, within the prison system or without. *See Rendon-Inzunza v. United States*, 2010 WL 3076271 (S.D. Cal. 2010); *Lizarraga-Lopez v. United States*, 89 F.Supp.2d 1166 (S.D. Cal. 2000). His habeas petition is accordingly **DENIED**. The Court also **DENIES** him a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED: May 15, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge